**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.**

| | |
|---|---|
| LISA SHARON MOVSAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UR M JADDOU, in her official capacity as Director, United States Citizenship and Immigration Services, ALEJANDRO MARORKAS, in his official capacity as Secretary of Department of Homeland Security, ALYSSA EMMEL, in her official capacity as Director, Immigrant Investor Program Office, United States Citizenship and Immigration Services, MERRICK GARLAND, in his official capacity as Attorney General of the United States of America, JUAN ANTONIO GONZALEZ, in his official capacity as United States Attorney for the Southern District of Florida, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR WRIT OF MANDAMUS**
**COMPELLING ADJUDICATION OF PERMANENT RESIDENCE APPLICATION**

Plaintiff, Lisa Sharon Movsas ("Plaintiff"), commences this action against the above-named Defendants and seeks a writ of mandamus compelling the adjudication of the I-829 Petition By Entrepreneur to Remove Conditional Basis of Lawful Permanent Residence Status Application (hereinafter the "Petition") she filed on behalf of herself and her derivative beneficiary, her son Caleb Jay Movsas.

**Preliminary Statement**

1. Plaintiff brings this action to compel Defendants to adjudicate her Petition. *See* Exhibit A (Form I-829 Petition By Entrepreneur to Remove Conditional Basis of Lawful Permanent Residence Status). Plaintiff became eligible to become an unconditional lawful permanent resident, and applied for that status on July 28, 2017. Exhibit B (I-829 Receipt Notice, Receipt Number WAC-17-300-00267). Defendants were required under the law either to waive the requirement for an interview and adjudicate the Petition, or arrange for an interview, within 90 days of the date on which the Petition was filed. 8 CFR § 1216.6(c)(1). They failed to do either.

2. Instead, on February 28, 2019, Defendants extended Plaintiff's conditional resident status for an additional 18 months. Exhibit C (I-829 Receipt Notice, Notice of Extension).

3. Plaintiff's Petition remains unadjudicated, subjecting Plaintiff and Plaintiff's family to the stress of residential uncertainty and displacement, arising from Defendants' unreasonable and unnecessary administrative delays and bureaucratic lethargy. The family is living separately. Plaintiff has not seen her husband, and her son has not seen his father, for months, as he remains a non-immigrant due to Plaintiff's conditional permanent residence status. It costs the Plaintiff and her son time and money to apply repeatedly for extensions of their temporary residency while the Petition is pending, and the I-551 stamp process, once implemented, is lengthy. Finally, their naturalization applications cannot be adjudicated or approved until the I-829 Petition is decided. There appears to be no end in sight.

4. As set forth below: (i) Plaintiff has a clear right to the relief requested; (ii) Defendants have a clear duty to perform the acts in question; and (iii) no other adequate remedy is available.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case under 5 U.S.C. §§ 702 and 706, and 28 U.S.C. §§ 1331, 1361, 2201 and 2202.  Venue is proper in this district under 28 U.S.C. § 1391(e).

## PARTIES

6. Plaintiff Lisa Sharon Movsas is a 55-year-old citizen of South Africa and a resident of Sunny Isles Beach, Florida.

7. Defendant Alejandro Mayorkas is the Secretary of the U.S. Department of Homeland Security, and as such is charged by statute with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens.  He is sued in his official capacity only.

8. Defendant Ur M Jaddou, is the Director of the United States Citizenship and Immigration Services ("USCIS"), an agency of the United States Department of Homeland Security, and as such is charged with administering and enforcing the laws related to immigration and nationality pursuant to a delegation of authority from the Secretary of Homeland Security of the United States under 8 U.S.C. §1103(a).  She is sued in her official capacity only.

9. Defendant Alyssa Emmel is the Director of the Immigrant and Investor Program Office, USCIS, and as such is responsible for managing and overseeing the processing of applications for permanent residence received by that office.  She is sued in his official capacity only.

10. Defendant Merrick Garland is the Attorney General of the United States, and as such is charged by statute with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens.  He is sued in his

official capacity only.

11.    Defendant Juan Antonio Gonzalez is the United States Attorney for the Southern District of Florida, and as such is charged by statute with the administration and enforcement of the laws of the United States including the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens.  He is sued in his official capacity only.

## FACTS

12.    Plaintiff's I-526, Petition for Immigrant Investor application was granted by the United States Citizenship and Immigration Services on May 26, 2015.  Exhibit D (I-526 Approval Notice).  She subsequently applied for and was issued conditional permanent residence status in the United States on October 1, 2015.  Exhibit E (Plaintiff's conditional permanent residence "green card").

13.    On July 28, 2017, within 90 days of the second anniversary of her receipt of conditional permanent residence, as required by 8 CFR § 216.6(a)(1), Plaintiff filed the Petition, on behalf of herself and her dependent son. Ex. B; Exhibit F (Verification of Inclusion of Dependent in Filing of Form I-829).

14.    At that time, Plaintiff submitted all the evidence required, pursuant to 8 CFR § 216.6(a)(4), to remove the conditional basis of her lawful permanent residence status, including:

    i.    Evidence that she had invested in an established a commercial enterprise—namely, a Delaware limited liability company formed to provide financing for the development of a commercial real estate project.  That project, the Silverstein Properties Regional Center LLC, was approved for designation as a USCIS Regional Center on April 2, 2014, and resulted in the successful

    construction and operation of a new Four Seasons 926-feet, 69-story branded hotel and residential tower, located at 30 Park Place, New York, New York;

  ii. Evidence that she had invested $500,000 in the project and was still actively participating in the project as an equity investor;

  iii. Evidence that she had sustained her capital investment throughout her residence in the United States; and

  iv. Evidence that her efforts in the project had created ten jobs per investor per program requirements and that the total jobs created by virtue of construction of this EB-5 project totaled approximately 5,329 new jobs in the US economy.

15. Upon receipt of Plaintiff's Petition, Defendants were required either to waive the requirement for an interview and adjudicate the Petition, or arrange for an interview, within 90 days of July 28, 2017, the date on which the Petition was filed. 8 CFR § 216.6(c)(1). They failed to do either.

16. Instead, on February 28, 2019, Defendants extended Plaintiff's conditional resident status for an additional 18 months. Ex. C.

17. On August 21, 2021, Defendants served an ASC Biometrics Notice for Plaintiff to appear on September 16, 2021. <u>Exhibit G</u> (I-829 ASC Biometrics Notice). On October 4, 2021, Defendants served an ASC Biometrics Notice for Caleb Jay Movsas to appear on October 25, 2021. <u>Exhibit H</u> (I-829 ASC Biometrics Notice). Both Plaintiff and her son attended their respective biometrics appointments. Yet, Defendants have taken no action, nor requested additional information nor issued additional ASC notices.

18. Although Plaintiff has more than met all the requirements for the positive adjudication of her Petition resulting in the removal of the conditional basis of her lawful permanent residence status, her application has languished interminably as a result of agency inaction. Plaintiff's Petition for removal of conditions of residency has now remained unadjudicated for well over five years.

19. Plaintiff has exhausted her administrative remedies, and no other administrative remedy is available to her.

## CLAIM FOR WRIT OF MANDAMUS

20. Plaintiff restates the allegations set forth in Paragraphs 1 – 19 as if fully set forth herein.

21. The Administrative Procedures Act places the following obligation on federal agencies like the USCIS: "With due regard for the convenience and necessity of the parties or their representatives ***and within a reasonable time***, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b) (emphasis added). The USCIS has violated its duty to Plaintiff imposed by 5 U.S.C. § 555(b).

22. Defendants' delay in adjudicating Plaintiff's application is certainly unreasonable. The time set by statute for adjudicating such applications is 90 days from the time of filing, unless an interview is requested within that timeframe. It has been over five years, and there has been neither a request for an interview nor an adjudication.

23. Defendants' actions, as set forth above, constitute final agency action. Plaintiff has complied with all of the USCIS's requirements and instructions in order to have her Petition for unconditional permanent residence adjudicated. Defendants have failed to act. Plaintiff is entitled to

an immediate adjudication.

24. Unless and until Defendants perform their legal duties, Plaintiff will continue to be damaged in the following ways (among others) so long as her Petition is pending :

  a) Plaintiff and Plaintiff's son are restricted from travel by federal regulations that require special permission to travel abroad during the pendency of such applications. In order to attend school, Plaintiff's son has been forced to repeatedly apply (and pay) for this special travel permission, and is unable to travel for extensive periods of time, while a I-131, Reentry Permit application has been pending. This situation operates to the great inconvenience and harassment of Plaintiff and her son. In particular, it threatens to impede her son's attendance at university.

  b) Plaintiff is unnecessarily separated from her husband, and her son is separated from his father, who is a non-immigrant and lives abroad.

  c) Plaintiff and her son must expend time and money to apply for extensions of their temporary residency.

  d) The pending naturalization applications for Plaintiff and Plaintiff's son cannot be adjudicated or approved.

25. Plaintiff has fully complied with all applicable laws, regulations and procedures, and has provided Defendants with all information and documents required or requested in conjunction with her Petition.

26. Because Defendants have a purely ministerial act under the law to adjudicate Plaintiff's Petition within a reasonable time, and have failed, or refused, to do so, a writ of

mandamus is proper to compel Defendants to perform their duty to adjudicate Plaintiff's Petition and avoid further harm to Plaintiff and her family.

27. As set forth above, Plaintiff has a clear right to the relief requested, Defendants have a clear duty to perform the acts in question, Defendants' delay in adjudicating the Petition is unreasonable and unjustified, and no other adequate remedy is available. Immediate relief is warranted.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

A. Order Defendants to adjudicate, without any further delay, Plaintiff's I-829, Petition to Remove Conditions of Permanent Residence, and to immediately issue her and her son evidence of unrestricted permanent residence if her application is approved;

B. Grant Plaintiff her costs of suit and reasonable attorneys' fees pursuant to 28 U.S.C. §2412; and

C. Grant all additional relief to which Plaintiff may be entitled at law and in equity as justice may require.

Dated: November 18, 2022

Respectfully Submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
Email: nuneza@gtlaw.com

By: */s/ Adrian Nuñez*
　　Adrian Nuñez
　　Florida Bar No. 48176

*Counsel for Plaintiff, Lisa Sharon Movsas*